IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL GREER,<br><br>    Petitioner,<br><br>vs.<br><br>D. HUDSON, Warden, F.C.I. Ray Brook,<br><br>    Respondent. | No. 9:13-cv-00345-JKS<br><br>MEMORANDUM DECISION |

  Michael Greer, a federal prisoner proceeding *pro se*, filed a Petition for a Writ of Habeas Corpus with this Court pursuant to 28 U.S.C. § 2241. Greer is currently in the custody of the Federal Bureau of Prisons ("BOP") and is incarcerated at the Ray Brook Federal Correctional Institution. Respondent has answered, and Greer has replied. Greer alleges that the BOP improperly denied him credit toward his federal sentence for time spent in state custody. For the reasons discussed below, this claim is rejected.

## I. BACKGROUND

  Greer had previously been convicted in state court for third- and fifth-degree criminal possession of a controlled substance. The date of his state conviction is unclear from the record. On January 11, 1996, he was also convicted in federal court for conspiracy to possess with intent to distribute one kilogram of cocaine and was sentenced to 24 months' imprisonment, to run consecutive to his state sentence, and 5 years of post-release supervision. On August 17, 2007, while Greer was apparently both on state parole and federal supervised release, he was taken into state custody for possessing a firearm and for violating the terms of his state parole. The State

-1-

later dismissed the firearm charge but apparently revoked his parole. The federal government decided to prosecute him for felon in possession of a firearm and for violating the terms of his supervised release.

On June 17, 2009, New York released Greer in satisfaction of his state parole violation, and the BOP has provided documentation that New York officials credited him with all of this time toward the service of his state sentence. However, Greer continued to remain in state custody while his federal proceeding was pending pursuant to a *Coonan* Order. *See United States v. Coonan*, 826 F.2d 1180, 1185 (2d Cir. 1987) ("[W]here a defendant is otherwise incarcerated, and where defense counsel adopts a position that bail is not an issue and that an immediate hearing is unnecessary, the government is not precluded from seeking pretrial detention, even if the hearing thereon is held more than five 'statutory' days after the initial appearance.").[1]

---

[1] On September 6, 2007, Greer was indicted in federal court. On September 10, 2007, the court issued a writ of habeas corpus ad prosequendum. The following day, Greer apparently appeared in federal court and pled not guilty. The government moved for detention and Greer consented to the entry of a *Coonan* Order, apparently agreeing that bail was not an issue, that an immediate detention hearing was unnecessary, and that Greer could be held pending federal proceedings. The court granted Greer's request for a *Coonan* Order and deferred the detention hearing until Greer's release from state custody. Greer was technically released from state custody on June 17, 2009. No detention hearing was held at that time, however, and there is nothing in the record to indicate that Greer sought to clarify his custody status at any time after the entry of the *Coonan* Order. *See Coonan*, 826 F.2d at 1185 ("While a defendant is of course free at any time, even while in state custody, to bring on the detention hearing in order to clarify his federal status, the government is not barred from seeking detention when he does so. Moreover, the government must see that the hearing is timely held when a defendant's state-custody status changes so that his liberty interest becomes viable."). It is likely that neither party took further action because the jury returned a verdict on May 28, 2009, prior to the expiration of his state term of incarceration, at which point he was being held pending federal sentencing.

On October 15, 2009, the Western District of New York sentenced Greer to an 18-month term of imprisonment for his supervised release violation and a 120-month term of imprisonment for his felon in possession of a firearm conviction and ordered the sentences to run concurrently to one another.[2] The BOP credited him on each conviction for the 119 days he spent in state custody between June 18, 2009, the day following completion of his state sentence, and October 14, 2009, the day before his federal sentence was imposed. The BOP credited him an additional 3 days for time spent on an unrelated charge, for a total of 122 days' credit toward each sentence. Greer concedes that he was credited 122 days, but argues that he should also be given federal credit for the time spent in state custody on his state parole violation conviction from August 17, 2007, through June 17, 2009.

## II. STANDARD OF REVIEW

It is well established that the "Bureau of Prisons, and not the courts, determines when a defendant's sentence starts and whether the defendant should receive any credit for any prior time spent in custody." *United States v. Montez-Gaviria*, 163 F.3d 697, 700-01 (2d Cir. 1998); *see also* 18 U.S.C. § 3585(a). However, if a defendant disputes the BOP's calculation, he or she may seek judicial review of any jail-time credit determination by filing a habeas corpus petition under 28 U.S.C. § 2241 after exhausting administrative remedies. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *Tisdale v. Menifee*, 166 F. Supp. 2d 789, 791 (S.D.N.Y. 2001). Greer has attached as exhibits to his Petition documentation indicating that he unsuccessfully pursued

---

[2] It appears that the federal court did not address Greer's state sentence in imposing his federal sentence because Greer had already completed his state sentence at that time.

his claim through the BOP's administrative processes, and the BOP does not allege that Greer's claim is unexhausted.

III. DISCUSSION

A federal sentence commences when a defendant is received by the Attorney General of the United States for service of his federal sentence. *United States v. Labeille-Soto*, 163 F.3d 93, 98 (2d Cir. 1998) (quoting 18 U.S.C. § 3585(a)). Federal sentence computations are governed by 18 U.S.C. § 3585, which provides:

> (a) Commencement of Sentence.— A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

Under these provisions, Greer must be granted credit against his federal sentence for time served in state custody prior to the imposition of his federal sentence as long as that presentence custody "has not been credited against another sentence." 18 U.S.C. § 3585(b). Section 3585(b) forbids a defendant from receiving double credit for his detention time. *Wilson*, 503 U.S. at 337 ("Congress made clear that a defendant could not receive a double credit for his detention time."); *Labeille-Soto*, 163 F.3d at 99 ("[A] defendant has no right to credit on his federal sentence for time that has been credited against his prior state sentence."); *Tisdale*, 166 F. Supp.

2d at 792. Greer argues that he was technically in federal custody when the *Coonan* Order was imposed while he was in state custody. However, even assuming *arguendo* he was in federal custody once the *Coonan* Order went into effect, Greer's claim must be rejected because he received state credit for that time. *See Tisdale*, 166 F. Supp. 2d at 791-92 (even if petitioner was in federal custody when a federal detainer was lodged against him, his claim for credit must be dismissed because he received state credit for the time served under the federal detainer). The record shows that New York credited Greer with the 671 days he spent in official state custody from August 17, 2007, the day he was taken into state custody, through June 17, 2009, when he completed his state sentence but remained in state custody pursuant to the *Coonan* Order. The federal government then credited him with time served from June 18, 2009, through October 14, 2009, when he remained in state custody while his federal proceeding was pending. Greer was thus awarded full credit for his time served, and he may not receive additional credit.

In his Traverse, Greer claims that the BOP's failure to additionally award him federal credit for time served while he was in state custody amounts to a double jeopardy violation. This Court need not consider the merits of Greer's argument because he failed to raise it in his opening brief. *See Evangelista v. Ashcroft*, 359 F.3d 145, 155 n.4 (2d Cir. 2004); *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). In any event, his claim is without merit. The United States Supreme Court "has plainly and repeatedly stated that two identical offenses are *not* the 'same offence' within the meaning of the Double Jeopardy Clause if they are prosecuted by different sovereigns," such as two separate states or a state and the federal government. *Heath v. Alabama*, 474 U.S. 82, 92 (1985) (citation omitted). Greer cites *United States v. Dorsey*, 166 F.3d 558 (3d Cir. 1999), a Third Circuit case, in support of his argument that the failure of the

BOP to award him additional credit amounts to a double jeopardy violation. *Dorsey*, however, was a direct appeal from a sentence imposed by the district court, and the Third Circuit did not reach the petitioner's double jeopardy claim, instead relying on application note 2 to the United States Sentencing Guidelines § 5G1.3, which addresses undischarged terms of imprisonment. *Id*. at 558. The court in *Dorsey* ultimately concluded that the district court on direct appeal had the authority to grant sentencing credit against the petitioner's federal sentence where it was imposed concurrently with the state sentence arising out of the same conduct. *Id*. at 564. In contrast, here, the federal court ordered Greer's federal sentences to run concurrently to one another, but did not consider Greer's state sentence because it had already been served. The additional credit he seeks is plainly barred by the operation of 18 U.S.C. § 3585(b). Greer thus cannot prevail on his claim.

## IV. CONCLUSION

Greer is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2241 for a Writ of Habeas Corpus is **DENIED**.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 20, 2014.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge